UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM SCHEIDLER,

        Plaintiff,

   v.

STATE OF WASHINGTON, et al.,

        Defendants.

CASE NO. C16-6016

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT, RECUSAL, AND TO STRIKE

This matter comes before the Court on the joint motion to dismiss of Defendants State of Washington, the Honorable Kevin Hull, Representative Jesse Young, Representative Michelle Caldier, and Representative Jan Angel (collectively "Defendants"). Dkt. 8. Also before the Court are Plaintiff William Scheidler's ("Plaintiff") motion for default judgment (Dkt. 17), his motion to strike (Dkt. 26), and his numerous requests for the recusal of any judge who is a member of the Washington State Bar Association. The Court, having considered the pleadings filed in support of and in opposition to the motions and the remainder of the file, hereby (1) grants Defendants' motion to dismiss, and (2) denies Plaintiff's motions.

ORDER - 1

# I. PROCEDURAL HISTORY

On December 12, 2016, Defendants removed this action from Kitsap County Superior Court. Dkt. 1. Plaintiff alleges that Defendants violated his civil rights, maliciously prosecuted him, and caused him damages through a scheme of criminal profiteering, racketeering, fraud, intentional and negligence infliction of emotional distress, and negligence. Dkt. 1-1. In all of his pleadings, Plaintiff generally objects to any judge who is a member of the Washington State Bar Association presiding over his case and requests the recusal of any such judge.

On December 19, 2016, Defendants moved to dismiss Plaintiff's claims. Dkt. 8. On January 30, 2017, Plaintiff moved for default judgment. Dkt. 17. On February 13, 2017, Defendants responded to Plaintiff's motion for default judgment. Dkt. 23. On February 13, 2016, Plaintiff responded to the motion to dismiss. Dkt. 24. On February 17, 2017, Defendants replied. Dkt. 25. On February 20, 2017, Plaintiff filed a surreply, seeking to strike Defendants' reply. Dkt. 26.

# II. DISCUSSION

**A.  Recusal**

Plaintiff moves for the recusal of any judge who is a member of the Washington State Bar Association. Such a motion is frivolous. Plaintiff already knows this, as he has filed identical motions in a related matter which were denied by Judge Leighton and affirmed on appeal by the Ninth Circuit. *See Scheidler v. Avery*, 599 Fed. Appx. 688, 690 (9th Cir. 2015). *See also Scheidler v. Avery*, C12-5996 RBL, 2015 WL 10890825, at *1 (W.D. Wash. Aug. 18, 2015). Therefore, the motion is denied.

**B.    Motion to Strike**

Plaintiff moves to strike Defendants' reply. Dkt. 26. He states that Defendants' reply "is a collection of misrepresentation," and argues that the attorneys for Defendants must be disbarred. *Id.* at 2–3. To support his motion, he cites numerous legal positions in the Defendants' reply and then nakedly asserts that such opinions and citations to common law are "false." Because Plaintiff has failed to articulate any explanation of how the Defendants' reply is based on misrepresentations of the law or facts, the motion is denied.

**C.    Motion for Default Judgment**

Plaintiff moves for default judgment. Dkt. 17. Defendants timely moved to dismiss Plaintiff's complaint on December 19, 2016. Dkt. 8. This tolls the deadline for Defendants' answer to the complaint. Fed. R. Civ. P. 12(a)(4)(A). The motion for default judgment is denied.

**D.    Motion to Dismiss**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v.*

*Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Plaintiff has not stated, and cannot plausibly state, a claim against any of the named Defendants. Therefore, Defendants are entitled to dismissal under Fed. R. Civ. P. 12(b)(6). The issues raised by Plaintiff are identical to those raised by his second amended complaint in another lawsuit before Judge Leighton. *Compare* Dkt. 1-1 *with* Case No. C12-5996 RBL, Dkt. 58. Judge Leighton has already dismissed the underlying theories of Plaintiff's claims as meritless, explaining that Plaintiff has failed to "articulate any claim (no matter how liberally construed) that any defendant could fairly be expected to reasonably answer." *Scheidler v. Avery*, C12-5996 RBL, 2015 WL 7294544 at *14. In this lawsuit, Plaintiff has simply named different defendants (with an even more tenuous connection to his purported harm) and suggested that they are somehow connected to the same previously-alleged conspiracy involving every lawyer and judge in the state of Washington. Indeed, the sum of Plaintiff's present complaint is encapsulated in his conclusory claims that "judicial/lawyer 'regulating agencies' are a sham . . . WA State's judicial system is also a fraud upon the people and a mechanism by which citizens are fleeced of their life, liberty, property, without consequence or a fair avenue of redress," and that "[t]he Washington State Legislature is negligent in their duty to address of [sic] such despicable schemes." Dkt. 1-1 at 27–28.

To the extent Plaintiff brings claims against Washington State based on the governance of the Washington State Bar Association, the Court concludes that these claims have already been rejected by Judge Leighton and are foreclosed by that

ORDER - 4

proceeding. *See* Case No. C12-5996 RBL. Plaintiff's claims against the legislative defendants are deficient because they fail to attribute any harm suffered by Plaintiff to any acts by the Defendants. Moreover, Plaintiff cannot sue these Defendants for their legislative activities. *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998) ("local legislators are likewise absolutely immune from suit under § 1983 for their legislative activities."); *Fabre v. Town of Ruston*, 180 Wn. App. 150, 162 (2014) ("[W]hen a governmental act is a purely legislative act, it can never face liability for torts, including intentional torts."). Like the legislative defendants, Judge Hull is also immune to Plaintiff's claims. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."). To the extent Plaintiff's claims against Judge Hull are intended as a *de facto* appeal of Judge Hull's decision, such claims are barred under the *Rooker-Feldman* doctrine, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005), and foreclosed by Plaintiff's previous proceeding before Judge Leighton. *See Scheidler v. Avery*, C12-5996 RBL, 2015 WL 7294544 at *10–11.

The Court concludes that Plaintiff's claims are not only factually deficient, but they are based on untenable and incurable legal theories. Accordingly, amendment is futile and the complaint should be dismissed without leave to amend.

**E.     Vexatious Filings**

As an additional note, the Court is particularly troubled by the emerging pattern of vexatious litigation by which Plaintiff appears to be targeting persons with positions in

Washington State's government and the pointless burden that such lawsuits impose upon the courts. As Judge Leighton has previously noted:

> [T]he Court cannot conclude that Scheidler is litigating in good faith. . . . if someone decides against him, or advocates against him on behalf of her client, she is corrupt and criminal, and promptly sued. He has no reasonable expectation of a billion dollar judgment, but he must realize that responding to hundreds of pages of accusations costs time and money—his lawsuits are, themselves, a form of punishment for those he repeatedly sues.

*Scheidler v. Avery*, C12-5996 RBL, 2015 WL 7294544, at *14 (W.D. Wash. Nov. 17, 2015).

The present lawsuit is an even more absurd extension of Plaintiff's previously rejected claims. Plaintiff is now trying to sue his State Representatives for purportedly failing to legislate in a manner that would prevent an alleged conspiracy, even though Plaintiff's claims regarding such a conspiracy were already rejected by Judge Leighton in a collateral proceeding. Additionally, Plaintiff's lawsuit duplicitously challenges the existence of the Washington State Bar Association as unconstitutional and seeks to overturn certain judgments of the Washington State courts. Plaintiff must realize that his lawsuit is a gross waste of resources—public and private—as it requires that his ever growing list of targets defend themselves and that the courts expend their resources to address his frivolous claims. Accordingly, the Court warns Plaintiff that further frivolous filings could result in sanctions under Fed. R. Civ. P. 11 and/or the Court entering an order barring further filing pursuant to 28 U.S.C. § 1651(a). *See Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999).

# III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 8) is **GRANTED** and Plaintiff's claims are **DISMISSED without leave to amend**. Plaintiff's motion to strike (Dkt. 26), his motion for default judgment (Dkt. 17), and his various requests for recusal are **DENIED**. The Clerk shall close this case.

Dated this 9th day of March, 2017.

BENJAMIN H. SETTLE
United States District Judge